### GLAZER v. HOME INS. CO.

#### (Supreme Court, Appellate Term. November 10, 1904.)

1. INSURANCE—PROOFS OF LOSS—WAIVER.

   Where an insurance company made an offer of payment after the receipt of a paper which purported to show, although informally, some statement of loss, and did not for over three months take the position that the offer was without prejudice to its right to assert the insured's failure to furnish formal proofs, it was competent for the jury to infer that the formal proofs of loss had been waived.

Appeal from City Court of New York, Trial Term.

Action by Joseph Glazer against the Home Insurance Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Sigmund S. Rotter, for appellant.
Alfred B. Nathan, for respondent.

BISCHOFF, J. This action was brought upon a policy of fire insurance to recover a loss of $250, and the complaint was dismissed, at the close of the plaintiff's case, upon the ground that the plaintiff had not furnished the defendant with the proofs of loss signed and sworn to by the assured within 60 days after the fire, as required by the pol-

icy. It appears that an unsigned paper was sent by the plaintiff to the defendant giving notice of the occurence of the fire, and containing certain items apparently scheduled as items of loss; but while this would have fulfilled the requirements of the policy as to notice of the occurrence of the fire, it could not, in any aspect, have amounted to the proofs of loss which the policy called for.

It was claimed, however, on behalf of the plaintiff, that the furnishing of formal proofs of loss was waived by the defendant, in that the paper furnished was retained without objection for a period of 60 days, and that after this paper had been presented to the company, and within 2 or 3 days of the time of the fire, he (the plaintiff) was offered $38 by the defendant's agent as an adjustment of the loss. In our opinion, this offer of payment after the receipt of a paper which purported to show, although informally, some statement of a loss, supported an inference, which it was competent for the jury to draw, that the formal proofs of loss had been waived, since it was not until after the expiration of three months that the defendant took the position, as appears from a certain letter in evidence, that the offer of $38 was without prejudice to the defendant's right to assert the plaintiff's failure to file formal proofs. There being, therefore, some evidence in the case in support of the claim that the furnishing of formal proofs was waived, it was error for the court to dismiss the complaint over the plaintiff's request that the question of fact arising upon the evidence as to waiver be submitted to the jury.

The judgment must therefore be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.