Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

J. Charles Weschsler, for appellants.
Henry Salant, for respondent.

MacLEAN, J. The plaintiff undertook in writing with the defendant first named to "provide all the materials and perform all the work, for the carpenter work * * * all the carpenter work to be done in" the alteration of certain buildings the defendants owned or were interested in for $2,100. Claiming to have fulfilled substantially all of his undertaking, the plaintiff brought this action, and has recovered judgment for a balance of $300 on the agreement, and $492 besides for extra work. These sums are not supported sufficiently by his proof, which fails to show substantial performance of his undertaking. He agreed, for example, to, but did not, alter all the closet partitions between the dining rooms and kitchens, fill up door openings to dining rooms, cut new openings in kitchens, and furnish new doors, trim and hardware. As excuse for nonperformance, he offered the assertion : "My agreement specifies distinctly that I shouldn't do it," although there was for it only the provision, "the ice box partition is not to be removed." Again he said : "I did not do those new doors; that was excepted from my contract." The contract shows no such exception. Of 16 new wardrobes, he put in but 2, a substantial omission, amounting to 10 per cent. of his whole undertaking, according to testimony, not contradicted, that the wardrobes, of rather elaborate fashion and fittings, were worth $15 apiece. For another omission, one equaling 15 per cent. of the contract price, he claimed verbal authorization from Mr. Silverman, who denied it, and who was plausibly supported by the architect and by defendant's son. Turning to the claims for extra work : Possibly to avoid the call "each man to his trade," it was provided, as noted above, that the plaintiff should "do all the carpenter work to be done," but he asserted a claim of $150 for the cutting of the beams, called "headering," with other items for other things covered, at least, in part, by his agreement and undertaking.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.

---

[48 Misc. Rep. 515)

GLASER v. HOME INS. CO.

(Supreme Court, Appellate Term. November 24, 1905.)

1. INSURANCE—ACTION ON POLICY—COMPLAINT—ALLEGATIONS—WAIVER OF CONDITIONS.

In an action on a fire policy, plaintiff, to properly plead a waiver of a condition, must state such facts as will establish a waiver.

2. SAME—PROOFS OF LOSS—WAIVER—NOTICE OF LOSS—SILENCE.

Mere silence or inaction on the part of the insurer in a fire policy after receiving a notice of loss is not a waiver of formal proofs.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, § 1385.]

3. SAME—OFFER OF PAYMENT.

    A mere offer to pay a certain sum in settlement of a loss and its rejection by insured do not amount to a waiver of the condition of a fire policy requiring formal proofs of loss.

Appeal from City Court of New York.

Action by Joseph Glaser against the Home Insurance Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Richards & Heald (Alfred B. Nathan, of counsel), for appellant.
Sigmund S. Rotter, for respondent.

SCOTT, P. J.   This action has been thrice tried, and now comes up on appeal for the third time.   Upon the first trial the complaint was dismissed, on the ground that the plaintiff had not furnished the defendant with the formal proofs of loss provided for in the policy of insurance. It appeared, however, that the plaintiff had served upon defendant an unsigned, informal notice of the fire and of certain items of damage, and that after its receipt the defendant had made an offer of settlement. This court was of opinion that these facts furnished some evidence of a waiver on the part of defendant of the condition in the policy requiring the furnishing by the assured of formal proofs of loss, and that the question whether or not there had been such a waiver should have been submitted to the jury.   90 N. Y. Supp. 426.   On the second appeal a judgment in favor of the defendant was again reversed on the question of damages.   93 N. Y. Supp. 524.   Upon the present appeal from a judgment for plaintiff, the defendant presents certain considerations not heretofore presented upon either of the former appeals, and not dealt with in either of the previous opinions.   It is argued that the plaintiff has not pleaded a waiver of the condition of the policy, with which it is conceded he did not comply.   It is well settled that, in suing upon a policy of insurance, the plaintiff must either allege that he has complied with all the conditions of the policy, or, if he desires to plead a waiver by the company of any condition with which he has not complied, he must allege the condition claimed to have been waived, and the facts and circumstances constituting such a waiver.   It is not sufficient to allege generally that a particular condition has been waived, but such facts must be stated as will, if taken to be true, be sufficient to establish the waiver.   Todd v. Union Casualty Co., 70 App. Div. 52, 74 N. Y. Supp. 1062.   The policy sued upon in the present action was in what is known as the standard form, and, among other things, required the insured, within 60 days after the fire, to render to the company formal proofs of loss, signed and sworn to. This, as is conceded, the plaintiff did not do.   In his complaint he seeks to plead a waiver of this condition as follows:

    "That the plaintiff duly fulfilled all the conditions of said agreement on his part, and more than sixty days before the commencement of this action, to wit, on or before the 2d of October, 1903, served on the defendant as the proof of loss a complete inventory of the property destroyed and injured, with the quantity and cost of each article and the amount claimed thereon, and the same has been retained by the defendant without objection, and that the defendant has required no further or other proofs of loss to be furnished."

It is apparent that the only fact alleged to establish a waiver is that the defendant retained the inventory without objection, and has required no further or other proofs of loss to be furnished, and it is argued that this fact alone, taking it to be true, does not establish a waiver, and consequently that no waiver has been properly pleaded. This contention seems to be well founded. Mere silence or inaction on the part of an insurance company cannot be taken as a waiver of a condition requiring formal proofs of loss to be sustained, and in neither of the previous decisions in this court in this case has it been held to be sufficient. It was the silence of the company, coupled with an offer of settlement, which was held to furnish some proof of a waiver, and in this conjunction the offer of settlement, which is not pleaded, is quite as important a factor as the silence, which is pleaded. The defendant certainly could not be held to have waived the condition as to the furnishing of a formal proof of loss by retaining the informal notice, and omitting to notify the plaintiff that the notice was not proof, and would not be accepted as such. In fact the paper did not purport to be more than a notice. O'Reilly v. Guardian Mut. Life Ins. Co., 60 N. Y. 169, 19 Am. Rep. 151; Titus v. Glens Falls Ins. Co., 81 N. Y. 410. In order, therefore, to successfully plead the waiver of the condition as to furnishing proofs of loss, it was incumbent upon the plaintiff to plead, not only the silence of the company as to the insufficiency of the paper which was served, but also some other fact which, coupled with the silence, would have justified a finding of waiver. This he failed to do, and consequently he failed to sufficiently plead the waiver.

There is still another objection which is fatal to the judgment in plaintiff's favor. It was necessary not only to plead but to prove facts establishing a waiver. The other fact relied upon in addition to the defendant's silence is that, after the receipt of the informal proof of loss, the defendant repeatedly made an offer to pay a certain sum in settlement of the loss. It now appears for the first time that the offer thus made was at once and unqualifiedly rejected by the assured. There was nothing in the way of negotiations looking to an agreement upon a sum but the offer and immediate rejection of a definite sum. The reason why negotiations for the settlement and adjustment of a loss are, under some circumstances, deemed sufficient to justify a finding that a condition has been waived, is that the assured may have thereby been misled or lulled into sleep, and thus have been induced to disregard one of the conditions imposed upon him by his policy. Allen v. Dutchess County Mut. Ins. Co., 95 App. Div. 86, 88 N. Y. Supp. 530. As was said by Martin, J., in Gibson El. Co. v. L. & L. & G. Ins. Co., 159 N. Y. 418, 54 N. E. 23: "In the absence of an express waiver, at least some of the elements of an estoppel must exist." When the insurer does nothing more than to make an offer, which is instantly rejected, even though the offer and rejection be repeated, there is nothing in that circumstance to mislead the insured, or to justify him in believing that, if he persists in refusing the offer made him, the company will waive any defense it may have to his claim to a larger payment. It consequently seems to be the generally accepted view that an offer to pay with its rejection by the assured cannot be accepted as sufficient proof of a waiver of the

condition calling for formal proofs of loss. Allen v. Insurance Co., supra; Vance on Insurance, § 585; Clement on Insurance, p. 278; Richards v. Continental Ins. Co., 83 Mich. 508, 47 N. W. 350, 21 Am. St. Rep. 611; Insurance Co. v. Matthews, 65 Miss. 314, 4 South. 62; Insurance Co. v. Sorsby, 60 Miss. 313. It follows that the plaintiff neither pleaded nor proved facts establishing a waiver by the defendant. The judgment must consequently be reversed.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.