GLAZER v. HOME INS. CO.

(Supreme Court, Appellate Term.  November, 1905.)

1. INSURANCE—ACTION ON POLICY—PLEADING.
    Where plaintiff, in an action on an insurance policy, desires to plead waiver by the company of any condition of the policy not complied with, he may set forth the condition and such circumstances as will, if true, establish a waiver.

2. SAME—WAIVER OF PROOFS OF LOSS.
    Where an insurance policy calls for formal proofs of loss, mere silence, though pleaded, coupled with an offer of settlement, which was immediately rejected and is not pleaded, does not establish waiver of the condition.

Appeal from City Court of New York, Special Term.

Action by Joseph Glazer against the Home Insurance Company. From a judgment for plaintiff, defendant appeals.  Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

Richards & Heald (Alfred B. Nathan, of counsel), for appellant.

Sigmund S. Rotter, for respondent.

SCOTT, P. J.  This action has been thrice tried, and now comes up on appeal for the third time.  Upon the first trial the complaint was dismissed on the ground that the plaintiff had not furnished the defendant with the formal proofs of loss provided for in the policy of insurance.  It appeared, however, that the plaintiff had served upon defendant an unsigned, informal notice of the fire and of certain items of damage, and that, after its receipt, the defendant had made an offer of settlement.  This court was of opinion that these facts furnished some evidence of a waiver on the part of defendant of the condition in the policy requiring the furnishing by the assured of formal proofs of loss, and that the question whether or not there had been such a waiver should have been submitted to the jury.  90 N. Y. Supp. 426.  On the second appeal a judgment in favor of the defendant was again reversed on the question of damages.  93 N. Y. Supp. 524.  Upon the present appeal from a judgment for plaintiff the defendant presents certain considerations not heretofore presented upon either of the former appeals, and not dealt with in either of the previous opinions.  It is argued that the plaintiff has not pleaded a waiver of the condition of the policy with which it is conceded he did not comply.  It is well settled that, in suing upon a policy of insurance, the plaintiff must either allege that he has complied with all the conditions of the policy, or, if he desires to plead a waiver by the company of any condition with which he has not complied, he must allege the condition claimed to have been waived and the facts and circumstances constituting such a waiver. It is not sufficient to allege, generally, that a particular condition has been waived; but such facts must be stated as will, if taken to be true, be sufficient to establish the waiver.  Todd v. Union Casualty & Surety Co., 70 App. Div. 52, 74 N. Y. Supp. 1062.  The policy sued upon in the present action was in what is known as the standard form, and, among other things, required the insured within 60 days after the fire to render

to the company formal proofs of loss, signed and sworn to. This, as is conceded, the plaintiff did not do. In his complaint he seeks to plead a waiver of this condition as follows:

"That the plaintiff duly fulfilled all the conditions of said agreement on his part, and more than 60 days before the commencement of this action, to wit, on or before the 2d of October, 1903, served on the defendant, as the proof of loss, a complete inventory of the property destroyed and injured, with the quantity and cost of each article and the amount claimed thereon, and the same has been retained by the defendant without objection, and that the defendant has required no further or other proofs of loss to be furnished."

It is apparent that the only fact alleged to establish a waiver is that the defendant retained the inventory without objection, and has required no further or other proofs of loss to be furnished; and it is argued that this fact alone, taking it to be true, does not establish a waiver, and consequently that no waiver has been properly pleaded. This contention seems to be well founded. Mere silence or inaction on the part of an insurance company cannot be take as a waiver of a condition requiring formal proofs of loss to be sustained, and in neither of the previous decisions in this court in this case has it been held to be sufficient. It was the silence of the company, coupled with an offer of settlement, which was held to furnish some proof of a waiver, and in this conjunction the offer of settlement, which is not pleaded, is quite as important a factor as the silence which is pleaded. The defendant certainly could not be held to have waived the condition as to the furnishing of a formal proof of loss by retaining the informal notice and omitting to notify the plaintiff that the notice was not proof and would not be accepted as such. In fact, the paper did not purport to be more than a notice. O'Reilly v. Guardian Mut. Life Ins. Co., 60 N. Y. 169, 19 Am. Rep. 151; Titus v. Glens Falls Ins. Co., 81 N. Y. 410. In order, therefore, to successfully plead the waiver of the condition as to furnishing proofs of loss, it was incumbent upon the plaintiff to plead, not only the silence of the company as to the insufficiency of the paper which was served, but also some other fact which, coupled with the silence, would have justified a finding of waiver. This he failed to do, and consequently he failed to sufficiently plead the waiver.

There is still another objection which is fatal to the judgment in plaintiff's favor. It was necessary not only to plead, but to prove, facts establishing a waiver. The other fact relied upon, in addition to the defendant's silence, is that, after the receipt of the informal proof of loss, the defendant repeatedly made an offer to pay a certain sum in settlement of the loss. It now appears, for the first time, that the offer thus made was at once and unqualifiedly rejected by the assured. There was nothing in the way of negotiations looking to an agreement upon a sum but the offer and immediate rejection of a definite sum. The reason why negotiations for the settlement and adjustment of a loss are, under some circumstances, deemed sufficient to justify a finding that a condition has been waived, is that the assured may have thereby been misled or lulled into sleep, and thus have been induced to disregard one of the conditions imposed upon him by his policy. Allen v. Dutchess Co. Mut. Ins. Co., 95 App. Div. 86, 88 N. Y. Supp. 530.

As was said by Martin, J., in Gibson El. Co. v. L. & L. & G. Ins. Co., 159 N. Y. 418, 54 N. E. 23:

"In the absence of an express waiver, at least some of the elements of an estoppel must exist."

When the insurer does nothing more than to make an offer, which is instantly rejected, even though the offer and rejection be repeated, there is nothing in that circumstance to mislead the insured or to justify him in believing that, if he persists in refusing the offer made him, the company will waive any defense it may have to his claim to a larger payment. It consequently seems to be the generally accepted view that an offer to pay, with its rejection by the assured, cannot be accepted as sufficient proof of a waiver of the condition calling for formal proofs of loss. Allen v. Dutchess Co. Ins. Co., supra; Vance, Ins. § 585; Clement, Ins. 278; Richards v. Continental Ins. Co., 83 Mich. 508, 47 N. W. 350, 21 Am. St. Rep. 611; Insurance Co. v. Matthews, 65 Miss. 314, 4 South. 62; Insurance Co. v. Sorsby, 60 Miss. 313. It follows that the plaintiff neither pleaded nor proved facts establishing a waiver by the defendant.

The judgment must, consequently, be reversed.

Judgment reversed, and new trial granted, with costs to appellant to abide event.

GILDERSLEEVE and MacLEAN, JJ., concur.