AETNA INSURANCE COMPANY OF HARTFORD, CON-
NECTICUT *v.* JONES.

[No. 9,231. Filed April 5, 1917.]

1. APPEAL.—*Briefs.—Sufficiency.—Setting Out Complaint.—*
Where a complaint is the basis of the judgment appealed from
and the pleading is not set out in appellant's brief, as required
by the rules of court, the appeal will not be entertained. p. 254.

2. APPEAL.—*Transcript.—Sufficiency.—Filing of Complaint.—*
Where a judgment rests on a complaint, and the complaint,
though set out in the record, is not shown to have been filed
in the trial court, an appeal will not be entertained. p. 254.

3. APPEAL.—*Transcript.—Sufficiency.—Filing of Complaint.—*
Where the transcript contains no direct statement that an
amended complaint was filed in the trial court, but such fact
does appear indirectly by recital, the record sufficiently shows
such filing so as to warrant a review of the case on appeal.
p. 254.

4. APPEAL.—*Transcript.—Sufficiency.—Filing of Complaint.—Estoppel to Question.*—Where the record discloses that appellee availed herself of the leave to amend her complaint, participated in closing the issues thereunder, and prosecuted the trial to a conclusion on the issues so formed, she cannot object on appeal that the amended complaint was not filed in the trial court, although the filing is shown only indirectly by recital in the transcript. p. 255.

5. APPEAL.—*Bill of Exceptions.—Showing Extended Time.—Order-Book Entry.*—Where it appeared from the order-book entry that appellant was granted an extension of time to file a bill of exceptions under §661 Burns 1914, Acts 1911 p. 193, at a subsequent term of court, the extension was sufficiently shown by such entry, even though not appearing from the bill, and such bill is a part of the record, since the statute provides that when an extension is granted at a subsequent term "the same must be shown by an order of court duly entered in the order book," and it is only where the extension is allowed in vacation that the fact may be made to appear by a recital in the bill. p. 256.

6. APPEAL.—*Bill of Exceptions.—Certificate of Judge.—Sufficiency.*—Where it appears from the judge's certificate to a bill of exceptions that the bill was presented and signed, sealed and made a part of the record on a certain day and the order book discloses that the bill was filed within the time allowed, the certificate is sufficient under §657 Burns 1914, Acts 1897 p. 244, and §660 Burns 1914, §629 R. S. 1881, relating to the use of bills of exceptions. p. 256.

7. INSURANCE.—*Fire Policy.—Action.—Waiver of Proof of Loss.—Burden of Proof.*—Where, in an action to recover on a fire insurance policy, the insured relied on a waiver of a provision requiring proof of loss to be made within sixty days, proof by the insured of the alleged waiver was necessary to a recovery. p. 257.

8. INSURANCE.—*Fire Policy.—Proof of Loss.—Waiver by Insurer.*—As the provision in a fire insurance policy requiring proof of loss to be made within sixty days after the fire is for the benefit of the insurer, such provision may be waived by it. p. 257.

9. INSURANCE.—*Fire Policy.—Action.—Waiver of Proof of Loss.—Evidence.—Sufficiency.*—In an action to recover on a fire insurance policy, evidence showing that the insurer, having been notified of the fire, investigated the loss without the insured's knowledge within the time required of insured to make proof of loss, but refused to accept such proof of loss after the expiration of the stipulated time, nothing having been done by

the insurer to deceive or mislead the insured; is insufficient to establish a waiver of the proof of loss within the time required by the policy. p. 258.

10. INSURANCE.—*Fire Policy.—Waiver of Conditions.—Proof.*— Although slight evidence is sufficient to establish a waiver of a provision in a fire insurance policy requiring proof of loss to be made within a stipulated time, yet the acts relied on as constituting a waiver should be such as are reasonably calculated to make the insured believe that a compliance on his part with the stipulations concerning the mode of proof of loss is not desired, and that it would be of no effect if observed by him. p. 259.

11. INSURANCE.—*Fire Policy.—Waiver of Proof of Loss.—Silence of Insurer.*—The mere silence of an insurer, even with notice of the loss, and failure to require the insured to comply with the conditions as to proof will not constitute a waiver thereof. p. 259.

12. INSURANCE.—*Fire Policy.—Proof of Loss.—Waiver.*—A fire insurance company's mere investigation of a loss for its own satisfaction would not of itself constitute a waiver of insured's breach of a stipulation requiring a detailed statement and proof of loss under oath. p. 259.

From Warrick Circuit Court; *Ralph E. Roberts,* Judge.

Action by Margaret Jones against the Aetna Insurance Company of Hartford, Connecticut. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Kiper & Fulling* and *Burke G. Slaymaker,* for appellant.

*William E. Williams* and *Caleb J. Lindsey,* for appellee.

CALDWELL, J.—Appellee brought this action against appellant to recover on a fire insurance policy issued by appellant to appellee on a barn and its contents. On July 27, 1912, while the policy was in force, the property insured was destroyed by fire. A trial resulted in a verdict for appellee for $275. Judgment was rendered on the verdict. The transcript contains a complaint and also an amended complaint. The former neither in its entirety nor in substance is set out in

appellant's brief. The latter, however, is set out in full, but appellee insists that the transcript does not disclose that it was filed in the court below. On such state of facts, appellee contends that no question is presented for our consideration.

If the original complaint were the basis of the judgment, as neither it nor its substance is set out in appellant's brief, the rules of this court respecting

1. the preparation of briefs would require that we not entertain this appeal. A like result would follow if it appears that the judgment rests on

2. an amended complaint, and if it be true that the record fails to disclose that such complaint was filed below. In such case the complaint upon which the judgment rests would not be before us. *Mesker* v. *Fitzpatrick* (1911), 48 Ind. App. 518, 94 N. E. 827, and cases cited. The facts are as follows: The original complaint contained a general averment that

3. appellee duly performed all the conditions of the policy required by its terms to be performed by her. It contained in addition specific averments that appellee had complied with those provisions of the policy requiring written notice of the loss within fifteen days after the loss, and a detailed statement and proof of the loss within sixty days thereafter. The record discloses an entry that the following steps were taken respecting the complaint while the trial was in progress: Appellee requested, and, over appellant's objection was granted, leave to file an amended complaint, which motion was overruled; appellant moved for a continuance to enable it to close the issues on the amended complaint, the motion being overruled; appellant in succession filed its motion to make the amended complaint more specific and its demurrer to the amended complaint, and meeting with adverse rulings, appellant filed its answer in general denial to the amended complaint.

The entry proceeds to the effect that the cause being at issue on the amended complaint, the trial was resumed. The entry, after reciting certain other steps as taken, proceeds as follows: "Which pleadings are in the order filed, and are in the words and figures following, to wit:" There follows what purports to be an amended complaint, being the amended complaint set out in appellant's brief, and following this a motion to make the amended complaint more specific, a demurrer and memorandum to the amended complaint, etc.

The amended complaint differs from the original complaint in that the former, instead of alleging a compliance with those provisions of the policy requiring a detailed statement and proof of loss within the sixty-day period, avers facts alleged to constitute a waiver by appellant of the performance of those conditions. The transcript indicates that the record below was not made up with entire accuracy, but in our judgment it sufficiently appears that the amended complaint was filed. Leave of court to that end was obtained by appellee in order that there might be a foundation supporting evidence theretofore introduced, and thereafter offered and introduced on the question of waiver. While there is no direct statement in the transcript that the amended complaint was filed, such fact, as we have shown, does appear by recital. The amendment was ten-

4.  dered for appellee's benefit. She availed herself of the benefit. By her attorneys she participated actively in closing the issues upon the amended complaint as if filed, and resumed the trial, and prosecuted it to a conclusion on the issues as so formed. Under all the circumstances, she should not be heard to say that the amended complaint was not filed. We regard the situation as disclosing that it was filed.

The next point made by appellee necessary for us to consider in order that we may properly determine this

appeal is appellee's insistence that the evidence
5. is not in the record. It appears from an order-
book entry that at the time of overruling the
motion for a new trial, the court granted appellant sixty
days within which to prepare and file a bill of exceptions
containing the evidence. At a subsequent term of the
trial court, but before the expiration of the time so
granted, appellant, pursuant to the provisions of §661
Burns 1914, Acts 1911 p. 193, applied for, and upon
notice was granted, an extension of twenty days within
which to file such bill of exceptions. The bill was filed
within the time as so extended on application and no-
tice, but the fact of such extension appears only by
order-book entry. Appellee contends that an exten-
sion of time granted under §661, *supra,* is not valid un-
less the fact of the extension appears in the bill. The
statute is otherwise. By its express provisions where
the extension is granted at a subsequent term, "the same
must be shown by an order of the court duly entered in
the order book". It is only where the extension is
granted in vacation that the fact may be made to ap-
pear by recital in the bill. §661, *supra.* *Vandalia
Coal Co.* v. *Yemm* (1910), 175 Ind. 524, 92 N. E. 49, 94
N. E. 881.

The next insistence is that the bill of exceptions con-
taining the evidence is not properly certified by the
judge who presided at the trial of the cause. The
6. contention is that the judge's certificate should
disclose not only that the bill was presented to
him within the time allowed, but also that it was so
presented for the judge's examination and approval, and
that it was examined by him and found to be correct.
Here the order-book entry discloses the time granted
within which to file a bill of exceptions and the exten-
sion of such time, as we have said. The certificate is to
the effect that the bill was presented to the trial judge

by appellant March 17, 1915, with the request that it be signed, sealed and made a part of the record, and that on that day it was signed, sealed and made a part of the record. Such certificate is signed by the trial judge. From the order-book entry it appears also that the bill was actually filed within the extended time as granted. The certificate is sufficient. §657 Burns 1914, Acts 1897 p. 244; §660 Burns 1914, §629 R. S. 1881. *Dammeyer* v. *Vorhis* (1916), 63 Ind. App. 427, 113 N. E. 764; *Howe* v. *White* (1903), 162 Ind. 74, 69 N. E. 684; *Tombaugh* v. *Grogg* (1900), 156 Ind. 355, 59 N. E. 1060.

We proceed to determine the sufficiency of the evidence: The policy contained the following provisions:

"In case of loss, the insured shall within 15 days give this company a written notice thereof at the office of the western branch department of this Company at Chicago, Illinois, and within 60 days thereafter shall render to such office under oath a particular and detailed statement and proofs of the actual cash value at the time of the loss of any property or article on which loss or damage is claimed ...... and unless such proofs are furnished within 60 days after the fire as above required .... the loss shall not be payable.".

There was sufficient evidence that appellee gave to appellant within the fifteen-day period notice of loss as required. The amended complaint does not proceed on the theory that appellee had rendered under oath a detailed statement and proof of the loss within the sixty-day period as required by the policy. That provision of the policy requiring such proof to be given was inserted for the benefit of appellant and consequently could be waived by it. The amended complaint proceeds on the theory of such a waiver. It was therefore essential to a re-

covery by appellee that she prove the waiver alleged. The evidence bearing on that question considered in the light most favorable to appellee was, in substance, as follows:   In addition to the barn, certain vehicles and farming implements contained in it were burned.   Appellant having been notified of the fire, sent a Mr. Stoner, a special agent, to investigate the loss at a time within the sixty-day period.   He had no authority to adjust losses unless directed to do so. He was not directed or authorized to adjust the loss here.   He called on several persons living near the place where the fire occurred, and on inquiry learned that the barn and certain vehicles and implements had burned, the number and nature of the latter not being ascertained.   He was informed that the barn was worth about $75, and that the property contained in it, the nature of which he did not ascertain except in a general way, was of but little value.   He did not call on or have any communication with appellee or any person representing her.   There was no evidence that appellee or any person representing her knew of Stoner's visit. Stoner made no report to appellant until after this suit was commenced.   He then reported his information that the barn was worth about $75, and that the contents were probably of no value.   The action was commenced November 17, 1913.   On September 12, 1913, nearly fourteen months after the fire, appellee, through her attorney, by letter, forwarded to appellant a detailed statement of the loss verified by her son, and aggregating $410, and demanded payment.   Appellant, through Stoner, a special agent, by letter to appellee's attorney, dated September 22, 1913, acknowledged receipt of the communication, but declined to accept it as proof of loss, assigning as reasons that the proof was not submitted within the sixty-day period, that the claim was excessive, and other reasons.   Appellant at

no time entered into negotiations with appellee in an effort to settle the loss, made no demands on appellee, put her to no trouble or expense, did nothing to deceive or mislead her, and neither acknowledged nor denied liability for the loss except as such denial might be gathered from the letter of September 22, based on the fact of appellee's failure to make proofs of loss as required by the policy. The evidence in fact discloses no communications between the parties except as above set out.

We do not regard such evidence as sufficient to establish a waiver of the proof of loss. It is true that in such cases slight evidence is held to be sufficient to establish such a waiver. *National Masonic, etc., Assn.* v. *McBride* (1903), 162 Ind. 379, 70 N. E. 483. The fact, however, that a company does not furnish blanks for or demand proof of loss, and that the insured does not know that such proof is necessary, is not sufficient to establish a waiver. *Continental Ins. Co.* v. *Dorman* (1890), 125 Ind. 189, 25 N. E. 213. "It is a well known principle in this class of cases that the acts relied on constituting a waiver should be such as are reasonably calculated to make the assured believe that a compliance on his part with the stipulations providing the mode of proof of loss * *. * is not desired, and that it would be of no effect if observed by him." *Scottish, etc., Ins. Co.* v. *Clancy* (1892), 83 Tex. 113, 18 S. W. 439. "The mere silence of the company, even with notice of the loss, and failure to require the insured to comply with the conditions as to proofs will not constitute a waiver thereof." 19 Cyc 861. Appellant's mere investigation of the loss on its own account and for its own satisfaction, without more, would not constitute a waiver of appellee's breach of a stipulation requiring a detailed statement and proof of loss

under oath. *Ray* v. *Fidelity, etc., Ins. Co.* (1914), 187 Ala. 91, 65 So. 536. See, also, *Glazer* v. *Home Ins. Co.* (1905), 48 Misc. Rep. 515, 96 N. Y. Supp. 136; *Lycoming County Ins. Co.* v. *Updegraff* (1861), 40 Pa. 311; *Dwelling House Ins. Co.* v. *Dowdall* (1896), 159 Ill. 179, 42 N. E. 606; *People's Bank, etc.* v. *Aetna Ins. Co.* (1896), 74 Fed. 507, 20 C. C. A. 630; *Trask* v. *State Fire, etc., Ins. Co.* (1858), 29 Pa. 198, 72 Am. Dec. 622; *Smith* v. *Haverhill, etc., Ins. Co.* (1861), 1 Allen (Mass.) 297, 79 Am. Dec. 733; *Columbian Ins. Co.* v. *Lawrence* (1829), 27 U. S. (2 Pet.) 25, 7 L. Ed. 335.

It results that the judgment must be reversed. Other questions presented are not considered or decided. Judgment reversed, with instructions to the court below to sustain the motion for a new trial.

Note.—Reported in 115 N. E. 697. Insurance: waiver as to proof of loss, 9 Am. St. 236, 19 Cyc 857, 861, 938, 953; waiver of a condition in a policy by insurer's knowledge of existing facts, 18 Ann. Cas. 686.