## BARNARD, RECEIVER, v. MEGORDEN ET AL.

[No. 14,168. Filed December 10, 1931. Rehearing denied April 7, 1932. Transfer denied May 12, 1932.]

*U. S. Lesh, Richard L. Lowther, James E. Lesh* and *A. E. Schmollinger,* for appellant.

*Henderson & Henderson,* for appellees.

LOCKYEAR, J.—This was an action brought by the appellant against the appellees on an indemnity bond executed in favor of the Tuxedo State Bank to indemnify it from loss on account of misconduct or carelessness of an employee of said bank by the name of Megorden.

The appellee London and Lancashire Indemnity Company of America filed a demurrer to the amended complaint on the ground that the complaint did not state

facts sufficient to constitute a cause of action against the London and Lancashire Indemnity Company.

The memorandum to the demurrer alleged that liability on the bond in the amended complaint is predicated upon the condition that the loss be discovered during the continuance of the suretyship, or within six months after the termination of the bond. That the amended complaint shows on its face that the loss was not actually discovered until more than six months after the bond ended by its own terms—and, for that reason, it fails to state a cause of action.

The court sustained the demurrer; the appellant refused to plead further, and judgment was rendered against appellant. Proper exceptions were taken to the ruling of the court, hence this appeal.

A copy of the bond was made a part of the complaint, and, by its terms, the appellee agreed to pay the loss covered by the bond while said Megorden "served" the employer in the position of office clerk during the period commencing October 8, 1924, at 9:00 a. m. and ending October 8, 1925, at a like hour or upon the termination of this suretyship by the retirement of the employee from the employ of the employer, the discovery of loss hereunder or the cancellation of this suretyship by the employer or the surety.

"*Provided However*

"1. That the loss be discovered during the continuance of this suretyship or within six months next after the termination and notice delivered to the surety at its office in New York within ten days after such discovery."

The complaint also alleged that another employee, Roy E. Castetter, cashier of said bank, was also under bond with the appellee herein as surety and that, on February 10, 1926, the appellant discovered that Castetter had embezzled funds of the bank and properly notified the

appellee of Castetter's defalcations, but, at said time, the appellant did not have sufficient specific information to feel justified in naming the said Megorden as a defaulter in the formal written notice; in fact, the complaint does not state that the bank had any information on the subject of Megorden's defalcations.

The complaint alleged that officers of appellee were making investigations and appellant verbally notified said officers that if further investigations tended to show Megorden had participated with the cashier and assistant cashier in misappropriating the funds of the bank, it would look to it (the appellee) to make good the bond herein; if further investigation further revealed that Megorden was a guilty participant. The complaint alleged: "The appellant continued its investigations as to Megorden, which investigations were completed on or about the 18th day of August, 1926, following which and upon the next day thereafter, the said bank gave informal written notice to said indemnity company at its office in New York of the result of its investigations and the fact that said Megorden had been guilty of embezzlement, which notice was received by said company within *ten days from the completion of said investigation and the discovery of said acts on the part of said Megorden.*"

The above allegations fall far short of pleading facts to support a waiver, for a waiver is the intentional relinquishment of a known right. See the following cases: *Bucklen* v. *Johnson* (1898), 19 Ind. App. 406, 420, 49 N. E. 612; *Shedd* v. *American Credit, etc., Co.* (1911), 48 Ind. App. 23, 95 N. E. 316.

Under the facts of this case, the mere silence on the part of the appellee is not a waiver. *Aetna Ins. Co.* v. *Jones* (1917), 64 Ind. App. 251, 115 N. E. 697; *Continental Ins. Co.* v. *Dorman* (1890), 125 Ind. 189, 25 N. E. 213.

It was the duty of the appellant to make the discovery as to Megorden. The complaint alleges that it was the appellant who was investigating as to Megorden. The appellant studiously avoided charging him with wrong doing, until they *discovered* wrong doing. When was it discovered? Answer. August 18, 1926, more than six months after October 8, 1925. The facts pleaded are axiomatic.

The appellant invokes the well-known rule that policies of insurance are construed most favorably in favor of the insured. This is true where there is any doubt as to the meaning of a provision in a policy or indemnifying bond, but where, as in this case, there is no doubt and no ambiguity in the language, the duty of a court is to enforce the contract and not to set is aside.

The judgment is affirmed.