## SUPERVISOR OF PUBLIC ACCOUNTS v. MONTREUIL.

### No. 14774.

Court of Appeal of Louisiana. Orleans.
Nov. 26, 1934.

———————

Chas. J. Rivet, of New Orleans, for appellant.

Noah Lord, of New Orleans, for appellee.

JANVIER, Judge.

This is a proceeding by rule by the supervisor of public accounts for the state of Louisiana for the forfeiture to the state and the consequent sale of certain cigarettes and an automobile truck in which the cigarettes were contained, all of which belonged to Henry Montreuil, the defendant. The proceeding is brought under Act No. 4 of 1932 of the state of Louisiana.

Henry Montreuil is engaged in business in New Orleans as a wholesale dealer in cigarettes. The intent and purpose of Act No. 4 of 1932 is: " * * * To levy a sales tax on all cigars, cigarettes and smoking tobacco sold, used or consumed in this State and to collect same from the dealer who first distributes, sells, uses or consumes same in the State of Louisiana." Section 8.

Section 9 of the act makes it the duty of the supervisor of public accounts "to collect, supervise and enforce the collection of all taxes and penalties that may be due under the provisions of this Act." Section 17 provides for the seizure by the said supervisor and the forfeiture to the state of Louisiana of "all cigars, cigarettes and smoking tobacco, on which taxes are imposed by this Act, which shall be found in possession or custody or within the control of any person, firm, corporation or association of persons, for the purpose of being sold, or removed by him, in violation of the provisions of this Act, or with the design to avoid payment of said taxes." Section 14 provides for the forfeiture and sale of any "automobile, truck, boat, conveyance, vehicle or other means of transportation" used in the transportation of any of the articles set forth in section 17.

On October 2, 1933, agents of the said supervisor of public accounts seized certain cigarettes belonging to Henry Montreuil and also seized the automobile truck in which the said cigarettes were at the time contained, asserting that on the cigarettes seized the proper tax as required by the said statute had not been paid. Thereupon the said supervisor caused this rule to be filed in the First city court of New Orleans and prayed that the said defendant be ordered to show cause why the said cigarettes and the said truck should not be declared forfeited to the state of Louisiana and ordered sold in accordance with the provisions of the said statute. In answer to the said rule, Montreuil admitted that the said truck and the said cigarettes belonged to him and were in his possession, but denied that "any stamps were intentionally

placed on the cigarettes seized in violation of the statute."

In the court a qua there was judgment in favor of the defendant dismissing the rule. The supervisor of public accounts has appealed.

■ We find in the record much testimony submitted for the purpose of showing that the stamps on the cigarettes seized were in some instances reused stamps and in other instances counterfeit stamps. There can be no doubt whatever that the contention of the supervisor in this regard has been overwhelmingly sustained. It is of no importance that some of the testimony shows some of the stamps to have been reused, whereas other evidence shows them to have been counterfeit. Whether they were reused or counterfeit does not matter, since the important thing is that the tax was not paid by the purchase of proper stamps.

■ Montreuil contented himself with the defense that he did not know how the fraudulent stamps had been placed upon the cigarettes.

It is conceded by counsel for plaintiff in rule that, had defendant been able to produce invoices, or other documents showing the purchase of the cigarettes in question, such a showing would have been sufficient to exonerate him, because he could not have been responsible for stamps already affixed at the time the cigarettes came into his possession.

Section 6 of the act of 1932 provides that wholesalers shall "keep a record of purchase of all cigars, cigarettes and smoking tobacco purchased by them, and hold all books, records and memoranda pertaining to the purchase and sale of such cigars, cigarettes and smoking tobacco open to the inspection of the Supervisor." This would seem to mean that, in such case as is presented here, if the wholesaler can produce his books and records showing the purchase of the cigars, cigarettes, etc., and can show that at the time of the purchase the stamps were already affixed, he should not be held liable if the stamps proved to be either reused or counterfeit. It is true that Montreuil produced many invoices showing the purchase by him of cigarettes at various times prior to the seizure, but he admits that he cannot identify any particular invoice or invoices as pertaining to the cigarettes in question. His testimony in this regard is most evasive and leaves no room for doubt that he knew a great deal more about the stamps in question than he was willing to admit. The fact that certain other cigarettes with fraudulent stamps were shown to have been sold by him and the fact that, though he denied ever having exchanged cigarettes with another dealer, the other dealer testified that he had done so, are corroborative circumstances which, when added to the positive testimony as to the presence of the fraudulent stamps, convince us that the judgment rendered below was erroneous. Had he been able to produce any invoices and to identify them with the cigarettes in question, he would have completely exonerated himself.

Counsel for Montreuil calls to our attention two principles of law on which he relies in his efforts to have us affirm the judgment of the court a qua. First, he says that only facts are involved and that therefore the judgment should not be reversed unless it is manifestly erroneous. Our conclusion is that it is manifestly erroneous. Second, he calls our attention to the forfeiture feature of the statute and contends that, since forfeiture is a very harsh penalty, it should not be decreed except upon clear and convincing evidence, and he cites, United States v. The Burdett, 9 Pet. 682, 9 L. Ed. 273; Liquidators of Prudential Savings & Homestead Society v. Langermann, 156 La. 76, 100 So. 55; State v. Louisiana Stores, Inc. (La. App.) 154 So. 464; Chaffee v. U. S., 18 Wall. 516, 21 L. Ed. 908.

We quite agree with the legal principle referred to, but again state that we believe that the evidence is clear and convincing.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that there now be judgment in favor of the supervisor of public accounts for the state of Louisiana and against Henry Montreuil, declaring forfeited to the state of Louisiana a certain Chevrolet truck bearing license No. 18324 and motor No. 990558, and also fourteen cartons of Chesterfield cigarettes and five packages of Camel cigarettes seized by the agents of the supervisor of public accounts, and that the said property seized be and it is ordered sold according to law, all at the cost of defendant.

Reversed.