AETNA INSURANCE COMPANY OF HARTFORD, CONN. *v.* ROBINSON ET AL.

[No. 26,930. Filed October 25, 1937. Rehearing denied December 15, 1937.]

46

*Slaymaker, Merrell & Locke* and *Lawrence B. Moore,* for appellant.

*W. D. Curll* and *Allen, Hastings & Allen,* for appellees.

FANSLER, C. J.—Appellee Robinson began this action against appellant and appellee DeJarnett to recover on a policy of fire insurance issued by appellant for the loss by fire of a dwelling house covered by the policy.

Appellant's demurrer to the complaint was overruled. There was a trial, and verdict and judgment for Robinson.

Error is assigned upon the overruling of the demurrer to the complaint and the overruling of appellant's motion for a new trial.

The complaint alleges that Robinson was the owner of a 35-acre tract of land upon which was situated a two-story dwelling house; that he entered into a contract for the sale of the premises to DeJarnett, by the terms of which the latter was to go into possession of

the property, with the option to purchase by install-
ment payments, but upon default the payments were
to be treated as rental. By the terms of the agreement,
DeJarnett was to insure the buildings on the premises
in the name and for the benefit of Robinson, and keep
the premiums fully paid. It is alleged that, pursuant to
this agreement, DeJarnett did procure a policy of in-
surance from appellant and paid the premium thereon
for three years; that, in his written application for the
insurance, DeJarnett fully informed appellant of his
interest in the property; that he told appellant's agent
that he had a contract for a deed, and that Robinson
held legal title to the property. In his application for
the insurance, he named Robinson as the person to
whom the loss should be paid. When the policy was
written there was a rider attached to the effect that:
"It is hereby understood and agreed that the title of
the assured to the above described property is under
and by virtue of contract for a deed from William Rob-
ison, Winslow, Ind., and loss, if any, hereunder is pay-
able to the assured and the said William Robison,
Winslow, Ind., as their respective interests may ap-
pear, subject to the terms and conditions of this pol-
icy." It is further alleged that, while the policy was in
effect, DeJarnett vacated the premises and surrendered
possession to Robinson and delivered the insurance con-
tract to him; that, on the same day, Robinson took the
policy to the agent of appellant, and informed him that
DeJarnett had surrendered his contract for the pur-
chase of the insured premises, and that he had taken
possession of the same, and inquired what was neces-
sary to be done to protect his interest in the policy, and
the agent of the insurance company informed him that
the policy as written fully protected him; that there-
after the dwelling covered by the insurance was totally
destroyed by fire; that immediately thereafter the com-

pany was given notice of the loss, and within thirty days the company sent its adjuster to view the premises and adjust the loss; that thereafter the company repudiated the policy and denied liability; that the plaintiff performed all of the conditions and terms of the policy to be performed on his part.

DeJarnett is made a party to answer as to any interest he may have. The policy was made a part of the complaint as an exhibit.

The demurrer is for want of facts. Appellant contends that the insurance contract is between DeJarnett and appellant, and that DeJarnett alone is the assured; that Robinson is not insured by the policy; that: "He is a mere appointee to share in any sum recoverable thereunder by DeJarnett in case of loss. Appellee Robinson cannot recover unless a righ¹ to recover by DeJarnett is alleged in the complaint.' Appellant cites *Auto Owners' Protective Exchange* v. *Edwards* (1925), 82 Ind. App. 558, 559, 561, 562, 136 N. E. 577, 578; and *Franklin Insurance Co.* v. *Wolff* (1899), 23 Ind. App. 549, 54 N. E. 772, as sustaining its contention, but they do not. In the first case, Edwards brought suit on a policy issued to Hecht, with a rider which provided: "that loss, if any, shall be payable to Benjamin Edwards as his interest may appear." The policy covered a car, legal title to which was in Edwards, but which was in possession of Hecht under a conditional sale contract. There was a loss. Hecht was not made a party, either plaintiff or defendant, but Edwards alleged in his complaint that Hecht had no interest in any sum recoverable under the policy. It is said in the opinion that: "Under the decisions in this jurisdiction, Edwards had the right to institute his action as sole plaintiff; but, as against an objection properly presented, he could not rightfully maintain the action and prosecute it to final judgment without

making John Hecht a party." It is true that it is said in the opinion that the rider does not make Edwards the insured, and that the contract continues to be a contract between the insurer and Hecht, and that if Hecht has violated any material condition of the contract, or if he has failed to perform any of the conditions on his part to be performed, neither he nor Edwards can recover, and that the insurer can make any defense against Edwards that it could make against Hecht. But it is also said that the contract was made by Hecht with the insurer for the benefit of Edwards to the extent of the latter's interest in the subject-matter of the insurance. In the other case it appears that Wolff held a mortgage on property which was insured in favor of the mortgagor, with a loss-payable clause in favor of Wolff. The court said that, since it appeared from the complaint that the mortgage debt owing to Wolff exceeds the amount of the policy, he is entitled to receive the proceeds, and is therefore the real party in interest and may maintain the suit in his own name.

The doctrine that the person named in a loss-payable clause "is a mere appointee to share in any sum recoverable by the insured" does not seem to have been adopted or recognized in this state. The cases above referred to recognize the right of such a person to recover in his own name, and for his own benefit, even though the person in whose name the policy is issued has no interest in the fund. In *Continental Insurance Co.* v. *Bair et al.* (1917), 65 Ind. App. 502, 523, 114 N. E. 763, 770, 116 N. E. 752, it is said concerning such a loss-payable clause:

"While the assignment of a policy is not in all respects identical with its endorsement in favor of a mortgagee (loss-payable clause), nevertheless the authorization of payment to a mortgagee is a conditional assignment or transfer to the mortgagee of an interest in the

policy. The conditions being that if a loss shall accrue under the policy for which the insurer is liable and at such time the mortgagee shall have an interest in the property so insured, payment will be made to him in accordance with such interest."

The trial court correctly instructed the jury that, if the policy was executed under the conditions alleged in the complaint, William Robinson was insured thereby. The authorization of payment to Robinson is an assignment of an interest in the policy to him, acquiesced in by appellant, conditioned that, if a loss accrue and he has an interest in the property at the time, payment will be made to him in accordance with such interest. Robinson had the same right to maintain the action as though the policy had been assigned to him in some other manner. The complaint sufficiently alleged an insurable interest in the property in Robinson, both when the policy was executed and when the fire occured. It alleges performance of all the terms and conditions of the policy to be performed by the insured. Since both Robinson and DeJarnett were insured by the policy, it is immaterial by whom the terms and conditions were performed. An allegation of performance in general terms is sufficient. The contention that the complaint must allege facts that show an insurable interest in DeJarnett at the time of the loss is not tenable. By the very terms of the loss-payable clause, it is clear that the parties understood that the respective interests of Robinson and DeJarnett might change during the term of the policy. The loss is made payable to each as his interest may appear at the time of the loss. Robinson is insured. He has an interest which entitles him to recover the entire amount of the policy. It is immaterial whether DeJarnett, at the time of the loss, had forfeited all his rights under his contract, or merely had such an interest that he was not entitled to recover any

of the amount due under the policy. The demurrer was properly overruled. See, also, *Aetna Insurance Co.* v. *Baker et al.* (1880), 71 Ind. 102.

Under the assignment that the court erred in overruling appellant's motion for a new trial, it is contended that the verdict is not sustained by sufficient evidence and is contrary to law. It is urged that there was no evidence that the provision of the policy sued on, requiring the assured to furnish appellant within 60 days a sworn statement of loss, was waived, or that anyone assuming to represent appellant, "by any act or speech, waived the provision of the policy." The evidence discloses that immediately after the fire Robinson reported the loss to appellant's agent, and that the agent made out the fire loss report and sent it to the company; that immediately thereafter Robinson wrote to the company, notifying it of the loss, and that within a few days a representative of the company appeared, discussed the loss with Robinson, interviewed appellant's local agent and requested him to accompany him to the scene; that the adjuster and appellant's agent made a survey of the scene and took some measurements; that Robinson wrote to the company well within the 60 days concerning the loss, and that the company well within the 60 days acknowledged receipt of his letter, and informed him that the matter was referred to its Indianapolis office, and stating that they were calling the attention of the Indianapolis office to his communication. He received no word from the Indianapolis office for about four weeks, and until the sixty-day period had expired, when he was notified that the company was denying liability. The denial of liability is based in part upon his failure to submit the proof of loss within the 60 days. In *National Masonic Accident Association* v. *McBride* (1904), 162 Ind. 379, 381, 70 N. E. 483, 484, it is said: "But the appellant had

the right to waive strict compliance with it (proof of loss), and in such cases very slight circumstances have been held sufficient evidence of the intention of the insurer not to take advantage of the breach or to insist upon the forfeiture." The fact that the fire loss report was made out by the agent, that in response to his letter a representative of the company appeared, who made inquiry and examined the premises, and the statement in the letter from the company's superintendent of loss department: "As this matter was referred to our Indianapolis Office we are calling its attention to your communication," all well within the 60 days, might have led Robinson, or any reasonably prudent person, to believe that the company was taking cognizance of his claim and taking action toward adjusting it, and that it did not desire formal proof. The jury heard the evidence and apparently so concluded. So did the trial court upon ruling on the motion for a new trial. It may well be that the letter from the attorneys for the company, after the expiration of the 60 days, insisting upon forfeiture, was an afterthought, prompted by the discovery that strict proof had not been made. It may be that the company had no intention of insisting upon the filing of a formal proof until it discovered that by its failure to act, and Robinson's failure to press the matter, the time had passed. Appellant contends that the facts are not sufficient to justify a reasonable belief that it intended to waive proof of loss, and cites in support of its contention the following cases: *Barnard, Receiver* v. *Megorden et al.* (1932), 94 Ind. App. 391, 178 N. E. 868; *Aetna Insurance Co.* v. *Jones* (1917), 64 Ind. App. 251, 115 N. E. 697; *People's Bank of Greenville* v. *Aetna Insurance Co.* (1896), 74 F. 507; *Smith et al.* v. *Haverhill Mutual Fire Insurance Co.* (1861), 1 Allen (Mass.) 297; *Riker et al.* v. *President, etc., Fire Insurance Co.* (1904), 90 N. Y. App. Div. 391, 85 N. E. 546;

*Scottish Union, etc., Insurance Co.* v. *Clancy* (1892), 83 Tex. 113; and *Columbia Insurance Co.* v. *Lawrence* (1829), 27 U. S. (2 Peters) 25. A careful examination of these cases discloses that in none of them was the evidence of waiver as strong as in the case at bar. The evidence in the case of *Aetna Insurance Co.* v. *Jones, supra,* is perhaps the strongest, but in that case the company's representative did not call upon, or have any communication with the insured, or with any person representing her, and there was no evidence that she knew of the visit of an investigator, and there were no communications between the insured and the insurer prior to the expiration of the 60 days.

There is a provision in the policy to the effect that it shall be void if the property shall be and remain unoccupied and uninhabited for a period of ten days. Appellant contends that the uncontradicted evidence shows that the insured building became vacant, unoccupied, and uninhabited, and so remained for more than ten consecutive days, at the time DeJarnett surrendered possession of the premises. If so, this vacancy occurred, and the building was reinhabited, long before the loss in question. It is also contended that the dwelling house was unoccupied and uninhabited for more than ten consecutive days immediately prior to the fire. There may be some question concerning the latter contention, under the evidence, but it is of no importance.

It is settled that a provision in an insurance policy that it shall subsequently become void upon the happening of a certain event, such as the premises becoming vacant, is to be construed as making the policy voidable only upon the happening of the event, at the option of the insurer, and if the insurer desires to exercise the option and rescind the contract, it is required to act promptly, inform the insured of its election, and return,

or offer to return, all unearned premiums; and a failure in this respect will be deemed a waiver, and the insurer will be deemed to have elected to waive the right to cancel. An insurer may not retain unearned premiums and at the same time disclaim liability during the period covered by the premiums. *Glen Falls Insurance Co.* v. *Michael et al.* (1907) 167 Ind. 659, 74 N. E. 964, 79 N. E. 905; *Caledonian Insurance Co.* v. *Indiana Reduction Co.* (1917), 64 Ind. App. 566, 115 N. E. 596. There is no allegation, showing, or contention, that appellant at any time returned, or offered to return, any unearned premiums. Appellant contends that the above rule does not apply where a contract of insurance was valid in its inception and there was for a time a risk, and that under such circumstances the assured is not entitled to have back the premiums. It relies upon *Redmen's Fraternal Accident Association of America* v. *Rippey* (1914), 181 Ind. 454, 103 N. E. 345, 104 N. E. 641, 50 L. R. A. (N. S.) 1006; *Continental Life Insurance Co.* v. *Houser* (1887), 111 Ind. 266, 12 N. E. 479; *Standley* v. *Northwestern Mutual Life Insurance Co.* (1884), 95 Ind. 254; and *Continental Life Insurance Co.* v. *Houser* (1883), 89 Ind. 258. But in all of these cases the court was dealing with *earned,* and not unearned, premiums.

Appellant complains of several of the instructions given. The questions presented have been discussed. One of the instructions involved waiver of the ▇▇▇ condition in the policy requiring the consent of the insurer to a change in the title of DeJarnett. But, since appellant knew, at the time the policy was written, the exact relationship of the parties, and that DeJarnett would forfeit his rights by a failure to comply with his contract, with the result that his interest would be extinguished, it must be deemed to have waived the provision of the contract against change of title when the contract was made; and the instruction,

which dealt with notice of the change to appellant's agent, could not have harmed appellant.

Appellant contends that the complaint is upon the theory of performance of the conditions of the policy, and that no recovery may be had upon the theory of breach and waiver, especially where no such waiver is alleged in the complaint or by way of reply. It is true that performance is alleged, and that there is no express allegation of waiver of proof of loss, but evidence was introduced which, as indicated above, is sufficient to establish waiver, and the jury was instructed that if the plaintiff was led to believe that there was nothing in the way of payment of the claim, except a difference of opinion as to the value of the property, under such facts, formal proof of loss was waived by the company. Appellant in its brief does not show that the evidence was objected to, or contend that it was inadmissible under the issues, nor does it contend that the instruction is erroneous. The case seems to have been tried upon the theory that the question of waiver of the formal proof was in issue. The facts upon that issue were submitted to the jury. The jury was instructed upon the question, and must be deemed to have decided it in favor of the plaintiff. Under such circumstances, where necessary on appeal, the complaint will be treated as amended to conform to the facts.

Judgment affirmed.