**Robert GUICHARD, Plaintiff—Appellant,**

v.

**UNIVERSAL CITY STUDIOS LLLP, Defendant—Appellee.**

No. 07–16089.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2007.

Filed Dec. 20, 2007.

Robert Guichard, San Francisco, CA, for Plaintiff–Appellant.

Edward A. Ruttenberg, Esq., Leopold Petrich & Smith, PC, Los Angeles, CA, for Defendant–Appellee.

Before: B. FLETCHER, BERZON, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Plaintiff–Appellant Robert Guichard (Guichard) appeals the denial of his motion for a preliminary injunction. This court's review is therefore "limited and deferential." *Community House, Inc. v. City of Boise,* 490 F.3d 1041, 1047 (9th Cir.2007) (citation omitted).

The district court's conclusion that Guichard's web presence at whisperoftheblue.com was not a use in commerce suf-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ficient to create a protectable trademark interest is consistent with our precedent. *See Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.,* 174 F.3d 1036, 1052 (9th Cir.1999). Because Guichard had no protectable trademark interest, no infringement occurred. Similarly, as Guichard is suing with respect to his website, not a motion picture, he cannot demonstrate that the Title Registration Bureau of the Motion Picture Association of America has caused him any antitrust injury. Accordingly, no viable cause of action under California Business and Professions Code section 17200 could be sustained. *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 992 (9th Cir. 2001) (noting that such a claim requires one to demonstrate engagement in an unlawful or unfair business practice). As Guichard demonstrated no likelihood of success on the merits, the district court did not abuse its discretion in denying the preliminary injunction motion. *See Grocery Outlet, Inc. v. Albertson's, Inc.,* 497 F.3d 949, 951 (9th Cir.2007) (per curiam). Finally, the district court adequately articulated its findings. *See FTC v. Enforma Natural Products, Inc.,* 362 F.3d 1204, 1212 (9th Cir.2004) (concluding that no reversal is required as long as "a full understanding" of the issue is possible).

AFFIRMED.

\* This disposition is not appropriate for publication and is not precedent except as provided