**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| AMERICAN RENA INTERNATIONAL CORP., a California corporation; et al., <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> SIS-JOYCE INTERNATIONAL CO. LTD., a California corporation and ALICE ANNIE LIN, an individual, <br><br> Defendants - Appellants. | No. 12-57169 <br><br> D.C. No. 2:12-cv-06972-DMG-JEM <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted July 11, 2013[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: TASHIMA and BYBEE, Circuit Judges, and BENCIVENGO, District Judge.[***]

American Rena International Company and Sis-Joyce International Co. each produce skin care, healthcare, and anti-aging products, under the respective brand names of "Rena" and "ARëna." Both brands use bottles of similar size, shape, and style, and appear to share much of the same customer base.

Rena sought a preliminary injunction in federal district court against Sis-Joyce, asserting a number of claims relating to trademark infringement and unfair competition. The district court granted Rena's motion in part, finding that there was likely trademark infringement, trade dress infringement, and intentional interference with economic advantage, and granted Rena a preliminary injunction. Although Sis-Joyce has not sought a stay of the preliminary injunction, which remains in effect, Sis-Joyce has timely appealed the preliminary injunction. We affirm the judgment of the district court.

We review the district court's grant of a preliminary injunction for abuse of discretion. *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012). Our review "does not extend to the underlying merits of the case," *Johnson v. Couturier*, 572 F.3d 1067, 1078 (9th Cir. 2009), and we afford particular deference to the district

---

[***] The Honorable Cathy Ann Bencivengo, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

court's findings of facts, which are reviewed only for clear error, *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1239 (9th Cir. 2001).

"A plaintiff seeking a preliminary injunction must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) and that an injunction is in the public interest." *Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter v. NRDC, Inc.*, 129 S. Ct. 365, 374 (2005)).

The district court did not abuse its discretion in concluding that Rena was likely to succeed on the merits of its claims for trademark infringement, trade dress infringement, and intentional interference with economic advantage. First, given the lack of evidence in the record supporting Sis-Joyce's claims of priority, the district court did not abuse its discretion in concluding that Rena is "the owner of a valid, protectable [trade]mark," *Grocery Outlet, Inc. v. Albertson's Inc.*, 497 F.3d 949, 951 (9th Cir. 2007) (per curiam). The district court also appropriately considered the eight-factor test set forth in *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979), *abrogation on other grounds recognized in Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 800 (9th Cir. 2003), in concluding that Sis-Joyce is using a confusingly similar mark. Second, the court reasonably

3

found that Rena would likely "prove[] trade dress infringement" by "demonstrat[ing] that (1) the trade dress is nonfunctional, (2) the trade dress has acquired secondary meaning, and (3) there is a substantial likelihood of confusion between the plaintiff's and defendant's products." *Art Attacks Ink., LLC v. MGA Entm't, Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009). Third, the district court reasonably found that Rena was likely to succeed on the merits of its intentional interference with prospective economic advantage claim under California law because it could show (1) the existence of at least one specific economic relationship between plaintiffs and third parties that may economically benefit plaintiffs; (2) knowledge by the defendants of this relationship; (3) intentional and wrongful acts by the defendants designed to disrupt the relationship; (4) "actual disruption of the relationship"; and (5) economic harm proximately caused by defendant. *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 950 (Cal. 2003). Sis-Joyce's assertion that "[t]here is no evidence supporting interruption of relationship" is contradicted by the record, and therefore the district court did not clearly err in finding facts that support the *Korea Supply* elements for an intentional interference claim.

The district court also did not abuse its discretion in finding that irreparable harm will likely result in the absence of preliminary injunction relief. Rena has

4

provided "[e]vidence of threatened loss of . . . customers or goodwill," *Stuhlbarg Int'l Sales Co., v. John D. Brush & Co.*, 240 F.3d 832, 841 (9th Cir. 2001), and pointed to a wide range of "intangible injuries, such as damage to ongoing recruitment efforts and goodwill," *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991), likely to result—and already resulting—from Sis-Joyce's infringing practices. Even if Rena's bad business practices contributed in some part to its decline in business, the district court did not clearly err in finding that Sis-Joyce's actions, too, have significantly contributed to Rena's loss of business.

Moreover, the district court did not abuse its discretion in finding that the balance of hardships favors Rena. That the present injunction will allegedly drive Sis-Joyce out of business does not weigh in Sis-Joyce's favor where it appears that Sis-Joyce's entire business model is premised on its infringing use of the ARëna mark.

Nor did the district court abuse its discretion in finding that the public interest favors the injunction. An injunction that prevents consumer confusion in trademark cases, as this injunction does, serves the public interest. *Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985, 993 (9th Cir. 2009).

5

Finally, we do not find this injunction to be unconstitutionally overbroad, because it does not prevent Sis-Joyce from selling non-infringing products or from engaging in speech that does not constitute infringement or intentional interference with economic advantage. Sis-Joyce cannot sow confusion in the marketplace by violating the trademark rights of others and then escape the consequences by arguing that any action curtailing its infringing actions impinges on its Constitutional rights.

AFFIRMED.