**NOT FOR PUBLICATION**

**FILED**

# UNITED STATES COURT OF APPEALS

JUL 20 2021

## FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | No.   21-55002 |
| Plaintiff-Appellee, | D.C. No. 8:17-cv-01868-JVS-DFM |
| v. | |
| MONEX CREDIT COMPANY; et al., | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted July 19, 2021**
San Francisco, California

Before:  TASHIMA, McKEOWN, and CHRISTEN, Circuit Judges.

Monex Credit Company, Monex Deposit Company, Newport Services

Corporation, Louis Carabini, and Michael Carabini (collectively, "Monex") appeal

from the district court's grant of a preliminary injunction sought by the United

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

States Commodity Futures Trading Commission ("CFTC"). We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

Monex below advanced a preliminary injunction standard that it now challenges as error on appeal. Despite this change in position, the CFTC responded to Monex's argument on the merits. Nonetheless, we have discretion to conclude that issues are waived or forfeited. *See United States v. Macias*, 789 F.3d 1011, 1017 n.3 (9th Cir. 2015); *United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019) (en banc). We ordered supplemental briefing on the issue and conclude that Monex forfeited the argument it raised on appeal, such that we decline to review Monex's challenge to the applicable legal standard. *See also Grocery Outlet Inc. v. Albertson's Inc.*, 497 F.3d 949, 951 (9th Cir. 2007) (per curiam).

Monex asserts that the record establishes that its practices satisfy the "actual delivery" exception. The district court considered the evidence and arguments Monex presses on appeal, and the court's factual findings were consistent with that evidence and not clearly erroneous, so we uphold its conclusion. *See All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

Monex also argues that the CFTC did not provide fair notice about how Monex could comply with the statute. But *United States v. AMC Entertainment, Inc.*, 549 F.3d 760, 769–70 (9th Cir. 2008), is inapposite because the court in that case modified an injunction that remedied conduct occurring prior to when the

2

defendant had fair notice of regulatory requirements. This preliminary injunction ensures prospective compliance with the law.

Monex finally contends that the preliminary injunction is overbroad. Given the district court's factual findings and its conclusion that Monex's leveraged Atlas transactions are likely unlawful, the court did not abuse its discretion in tailoring the preliminary injunction as it did.

**AFFIRMED.**